UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DEANGELO THOMAS-EL,  )
                    )
       Plaintiff,   )
                    )
v.                  )   No. 4:20-cv-589-SNLJ
                    )
NICOLE FRANCIS, et al., )
                    )
       Defendants.  )

### MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff DeAngelo Thomas-El, an inmate at the Potosi Correctional Center ("PCC"), for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $2.65. Additionally, for the reasons discussed below, the Court will partially dismiss the complaint, and direct the Clerk to issue process on the non-frivolous portions thereof.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $13.26, and an average monthly balance of $7.68. The Court will therefore assess an initial partial filing fee of $2.65, which is twenty percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone*

2

*v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Case Managers Nicole Francis, Jason Lee, and Kimberly Price; Function Unit Manager Lonnie Smallen; Deputy Warden Jody Glore; Deputy Division Director Jeff Norman; and Assistant Warden John Doe. Plaintiff states he sues Francis, Lee, Price, Smallen, Glore, and Norman in their individual capacities. He does not specify the capacity in which he sues Doe. Plaintiff alleges as follows.

On September 3, 2019, plaintiff sent Francis a request for basic hygiene supplies, including soap, deodorant, and toothpaste, "due to me being indigent and at the time almost out of each item." On September 13, 2019, plaintiff asked Francis the status of his request. She replied: "You're beat on that because you spend your money on filing fees." On September 16, 2019, plaintiff sent Francis a letter informing her that her denial of the supplies would force him to perform sexual favors to get the supplies, or to give away his food. Plaintiff received no response. On September 24, 2019, plaintiff sent Francis an Informal Resolution Request ("IRR") regarding the hygiene supplies, "pointing out the law on the issue in an attempt to resolve the issue without Court intervention." On October 30, 2019, plaintiff spoke to Francis and she told him, "you're beat, I already told you that."

On December 23, 2019, plaintiff sent Lee a kite requesting soap, toothpaste and deodorant. He spoke to Lee on January 9, 2020, and Lee said, "We're looking into it." Plaintiff spoke to Lee

3

on January 29, 2020 and Lee said, "you're not indigent because your money is spent on filing fees."

On January 31, 2020, plaintiff spoke to Smallen, who told him to file a claim asking for the supplies. Smallen said that "Lee had not spoken to him about the hygiene items." Later in the complaint, plaintiff writes: "Defendants Francis, Lee and Smallen refused to provide me with soap, toothpaste and deodorant, therefore subjected me to cruel and unusual punishment."

Plaintiff alleges that "Price investigated my complaint and failed to take appropriate steps to rectify the situation, therefore, she subjected me to cruel and unusual punishment." Plaintiff does not describe the content of the complaint, nor does he specify when he filed it. Plaintiff alleges that Glore investigated an unspecified grievance and "could have ordered Defendant Smallen to give me the hygiene items when he answered the grievance but chose to subject me to cruel and unusual punishment." Plaintiff alleges that Norman "being the Division Director could have given me the hygiene items but chose to lie when answering my grievance appeal by stating, 'you had enough money in your account to buy hygiene and legal supplies.'" Plaintiff alleges no facts regarding the content of the grievance or grievance appeal, nor does he state when they were filed. Plaintiff alleges nothing regarding Doe.

Plaintiff states he has been without toothpaste and deodorant since September 13, 2019. He alleges he suffers toothaches, bad breath, and body odor, and as a result has been attacked by cellmates. He seeks monetary relief from each defendant.

**Discussion**

Under the Eighth Amendment, prisoners are entitled to humane treatment, and to the basic necessities of life. *Goff v. Menke*, 672 F.2d 702, 705 (8th Cir. 1982). Those necessities include personal hygiene supplies. *Scott v. Carpenter*, 24 F. App'x. 645, 647 (8th Cir. 2001) (basic

4

personal hygiene is "within the minimal civilized measure of life's necessities to which a prisoner is entitled."). Temporary adverse conditions that do not threaten health or safety do not implicate the Eighth Amendment, *Hudson v. McMillian,* 503 U.S. 1, 9 (1992), but the long-term, repeated deprivation of adequate hygiene supplies does. *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). Moreover, policies that effectively force prisoners to choose between their legal rights and having hygienic products violate the Eighth Amendment. See *Whitington v. Ortiz*, 307 F. App'x 179, 189 (10th Cir. 2009), *Keenan v. Hall,* 83 F.3d 1083, 1091 (9th Cir. 1996), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998) (material issue of fact precluded summary judgment where inmate alleged that prison officials violated Eighth Amendment by failing to provide inmate with basic hygiene products, forcing inmate to choose between legal supplies and hygiene products).

A prison official can be held liable for violating the Eighth Amendment when two requirements are met. First, plaintiff must show that objectively, the alleged deprivation was sufficiently serious. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). This requirement is met if the alleged deprivation denied plaintiff "the minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). Next, plaintiff must show that objectively, the defendant acted with deliberate indifference, meaning that the defendant actually knew of, and deliberately disregarded, an excessive risk to his health or safety. *Farmer,* 511 U.S. at 834, *Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995).

In the case at bar, plaintiff has alleged sufficient facts to demonstrate that Francis repeatedly denied plaintiff's requests for adequate hygiene supplies from September 3, 2019 to October 30, 2019, and that Lee repeatedly denied plaintiff's requests for adequate hygiene supplies from December 23, 2019 to January 29, 2020. Plaintiff has also alleged sufficient facts to show

5

that Francis and Lee denied plaintiff's repeated requests on the basis that he could not be considered indigent because he spent his money on court fees, effectively forcing him to choose between his legal rights and having hygienic supplies. Accordingly, the Court concludes that plaintiff has sufficiently alleged that objectively, he suffered a sufficiently serious deprivation, and that subjectively, Francis and Lee actually knew of, but deliberately disregarded, a serious risk to his health. The Court will therefore require Francis and Lee to respond to the complaint.

Smallen will be dismissed from this action. Plaintiff alleges he spoke to Smallen on January 31, 2020, at which time Smallen said he had not spoken to Lee and told plaintiff to submit a claim to request the supplies. Plaintiff alleges no facts permitting the inference that he asked Smallen for the supplies on any other occasion, or that he made Smallen aware that he had been without the supplies for a long period of time. Also, plaintiff specifically alleges that Smallen said he had not spoken to Lee, leaving no basis to infer that another source made Smallen aware of potentially violative practices. Plaintiff also fails to allege that he told Smallen he was unable to pay for his own hygienic supplies, or that using his own funds to buy them would result in an interference with another constitutional right. Finally, plaintiff alleges only that Smallen told him to file a claim asking for the supplies, not that Smallen was responsible for denying his request. Accordingly, the Court concludes that plaintiff's allegations fail to state a claim upon which relief may be granted against Smallen.

Price, Glore and Norman will also be dismissed from this action. Plaintiff can be understood to allege that these defendants held supervisory or administrative roles, and that they are liable to him because they failed to act upon an unspecified complaint, grievance, and grievance appeal, respectively. Plaintiff does not allege that he asked Price, Glore or Norman to provide

6

adequate hygienic supplies, nor does he allege that any of these defendants personally denied his requests for such supplies.

To state a claim under § 1983, plaintiff must plead that a government official has personally violated his constitutional rights. *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citing *Iqbal*, 556 U.S. at 676). *See also Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims sounding in *respondeat superior* are not cognizable under § 1983). Showing direct action is not the only way to establish the personal involvement of a defendant with a supervisory or administrative role. *Jackson*, 747 F.3d at 543. A plaintiff can show that such defendant's "corrective inaction amounts to 'deliberate indifference' to or 'tacit authorization' of the violative practices." *Choate v. Lockhart,* 7 F.3d 1370, 1376 (8th Cir. 1993) (quotations omitted). A plaintiff can also show that such a defendant was involved in "creating, applying or interpreting a policy" that gave rise to unconstitutional conditions. *Jackson*, 747 F.3d at 543 (citations omitted).

In this case, plaintiff has alleged no facts permitting the inference that Price, Glore or Norman were personally involved in violating his constitutional rights. Plaintiff does not specify what he alleged in the complaint, grievance or grievance appeal. Consequently, there are no facts permitting the inference that Price, Glore or Norman were made aware that plaintiff was subjected to the sort of long-term, repeated deprivation of adequate hygiene supplies that would implicate the Eighth Amendment, or that he was effectively being forced to choose between his legal rights and having hygienic supplies. There is therefore no basis to conclude that Price, Glore or Norman failed to act after being made aware of violative practices, that they tacitly authorized violative practices, or that they created, applied, or interpreted a policy that gave rise to unconstitutional conditions. While the Court must liberally construe *pro se* filings, the Court will not assume facts plaintiff has not alleged. *See Stone*, 364 F.3d at 914-15. Finally, plaintiff's allegations that these

defendants "subjected [him] to cruel and unusual punishment" and "chose to lie" are nothing more than the "the-defendant-unlawfully-harmed-me" accusations that the Supreme Court has found deficient. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). *See also Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level").

To the extent plaintiff can be understood to claim that Price, Glore and Norman are liable to him because they failed to properly process an IRR, grievance or grievance appeal or failed to follow prison policy, such claim fails. There is no federal constitutional right to a prison grievance procedure, and neither state law nor state policy creates one. Therefore, if a state elects to provide a grievance mechanism, violations thereof will not give rise to a § 1983 claim. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (prison officials' failure to process or investigate grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on inmate). In addition, it is well established that there is no federal constitutional liberty interest in having prison officials follow prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

Plaintiff has also named John Doe as a defendant in this matter. However, in setting forth his claims for relief, plaintiff does not mention Doe, much less allege that he engaged in any wrongdoing. The Court will therefore dismiss Doe from this action. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citation omitted) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal

construction to be given pro se complaints"), *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of pro se complaint against defendants who were merely listed as defendants in the caption and there were no allegations of constitutional harm against them).

Plaintiff has also filed a motion to appoint counsel. The Court will deny the motion at this time, without prejudice. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent *pro se* litigant, the Court considers factors such as the complexity of the case, the litigant's ability to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. *Id.*

After considering these factors, the Court concludes that the appointment of counsel is unwarranted at this time. Based upon the complaint, it appears this case is factually and legally straightforward, and there is no indication that plaintiff will be unable to investigate the facts. Also, the motion is premature, as no defendant has been served with process, and discovery has not begun. The Court will therefore deny the motion for the appointment of counsel without prejudice, and will entertain future motions for the appointment of counsel, if appropriate, as this litigation progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $2.65 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison

9

registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to defendants Nicole Francis and Jason Lee.

**IT IS FURTHER ORDERED** that defendants Lonnie Smallen, Kimberly Price, Jody Glore, Jeff Norman, and John Doe are **DISMISSED** from this action, without prejudice. A separate order of partial dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

**IT IS HEREBY ORDERED** that plaintiff's motion to appoint counsel (ECF No. 2) is **DENIED** without prejudice.

Dated this _11th_ day of August, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE