UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **DEANGELO THOMAS-EL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 4:20cv589 SNLJ |
| ) | |
| **NICOLE FRANCIS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to amend complaint and on the Court's receipt of several subpoenas from plaintiff.

**I.     Motion to Amend Complaint [Doc. 43]**

This Court's original Case Management Order gave plaintiff until December 31, 2020 by which to amend the pleadings. Plaintiff was placed in administrative segregation without his legal documents on December 21 and received the documents back on February 12, 2021. Plaintiff filed a motion to supplement his complaint to add parties [Doc. 32] on February 18. This Court denied the motion because the Court would not permit amendment by interlineation. Instead, the Court sent plaintiff a new blank complaint form and gave him until June 16, 2021 by which to file a motion to amend. Plaintiff filed his motion to amend on June 7.

"If a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Popoalii v. Corr. Med. Serv.*, 512

1

F.3d 488, 497 (8th Cir. 2008). "When a party seeks to amend a pleading after the scheduling deadline for doing so, the application of Rule 16(b)'s good-cause standard is not optional." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). The good-cause inquiry boils down to "the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006).

This Court finds plaintiff showed good cause to amend the scheduling order based on his lack of access to his legal materials. However, the Court may deny a motion for leave to file an amended complaint based on "compelling reasons such as . . . futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005). The operative allegations in plaintiff's original Complaint were that he was denied access to hygiene products because he did not have money in his prison account to purchase such items. Two defendants (Nicole Francis and Jason Lee) survived the Court's initial review because a long-term deprivation of hygiene products constitutes a serious medical need. [#5 (citing *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996)]. In addition to a serious medical need, a deliberate indifference claim requires that a defendant actually knew of, and deliberately disregarded the serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

This Court's initial review of the original complaint [Doc. 5] determined plaintiff failed to state a claim against Lonnie Smallen, Kimberly Price, Jody Glore, Jeff Norman, and a John Doe. This Court dismissed Price, Glore, and Norman because plaintiff failed to allege their personal involvement. Doe was dismissed because plaintiff alleged no wrongdoing against him. Smallen was dismissed for failure to state a claim for relief

2

because there were no facts permitting the inference that Smallen was aware plaintiff had been without supplies for a long period of time.

Plaintiff's proposed amended complaint attempts to add Smallen as a defendant again, as well as several others. Plaintiff's Amended Complaint alleges that he sent letters to Lonnie Smallen, Perry Arnold, Rachel Price, Jennifer Price, and Joshua Browers requesting hygiene items. Plaintiff further alleges that he sent two Informal Resolution Requests ("IRRs") and a "kite" to Perry Arnold. Plaintiff also alleges that he spoke with Browers about getting hygiene items and wrote him a "kite." Further, plaintiff alleges that he sent Ethan Jones a list of hygiene items from plaintiff's stored property to retrieve. Plaintiff alleges that Osiris Nick refused to retrieve these hygiene items. Finally, plaintiff alleges that he asked Lacee Cox to retrieve hygiene items, but she did not do so.

As with the parties dismissed by the Court in its initial review, Plaintiff fails to show that any of these putative defendants deliberately disregarded his alleged serious medical need. *Farmer*, 511 U.S. at 834. These allegations do not facially establish that any of the putative defendants knew that plaintiff was experiencing a long term deprivation of basic hygiene items sufficient to present a serious medical issue. *Myers*, 101 F.3d at 544. Plaintiff therefore does not plead a sufficient basis for a deliberate indifference claim. Plaintiff's proposed amended complaint does not add any new facts as to the two current defendants Francis and Lee. Because amendment would be futile, this Court will deny the motion to file the amended complaint.

### III.     "Motion for Subpoenas" [Doc. 48]

In a February 10, 2021 letter, plaintiff asked the Clerk of the Court to send him the proper forms for a subpoena duces tecum.  Plaintiff indicates he seeks seven subpoenas. On March 17, 2021, plaintiff sent a subpoena form directed to "Warden Blair" at Potosi Correctional Center and sought documents related to "(1) any informal resolution requests, grievances, and grievance appeals related to this cause, (2) any depart policy governing 'access to basic hygiene,' (3) plaintiff's medical records starting from December 1, 2019 to December 1, 2020, and (4) any 'qualified legal claim' request forms submitted by plaintiff for the time period of July 2, 2019 up to July 2, 2020."

This Court ordered the Clerk to send plaintiff seven blank subpoena forms and instructed plaintiff to complete the forms, including writing in a reasonable time for a response, and to mail them back to the Clerk along with a letter asking that the subpoenas be served. However, the Court declined the serve the subpoena plaintiff proposed on March 17 for several reasons:

> The information sought by plaintiff in Request 1 is too vague; the Warden does not necessarily know what requests would "relate to this case." Further, those documents may be obtained from the defendants.  In addition, Requests 2 and 3—documents regarding MDOC policy regarding access to basic hygiene, and qualified legal claim requests—may also be obtained from defendants.  As for Request 3, it is unclear why medical records would be relevant here.  Plaintiff should be sure that any documents he requests from third parties are actually not available from defendants. Even though defendants apparently no longer work for MDOC, defense counsel should have access to documents in the custody or control of MDOC.

[Doc. 39.]

4

Plaintiff has now sent to the Court six subpoenas that he presumably wants to be served.  Plaintiff did not include a cover letter with his subpoenas, but the Court will construe the filing as a request for service of the subpoenas.  Plaintiff also attaches a copy of the defendants' document requests response in which they state that they do not have custody or control over documents sought by plaintiff, including "any informal resolution requests, grievance or grievance appeals related to this cause of action" and "any department policy or standard operating procedure governing access to basic hygiene."  The responses state that "non-party Missouri Department of Corrections holds the requested documents."

Defendants Francis and Lee are or were employed by MDOC and they are being defended by the Missouri Attorney General's office.  It is unclear to this Court why they or their attorney would not have access to the records plaintiff seeks.  MDOC is rarely ever a party in prisoner civil rights cases, and yet these documents are routinely furnished to plaintiffs.  Plaintiff's newly requested subpoenas are all directed to the Warden Paul Blair.  They seek informal resolution request #PCC 19-951, grievance #PCC 19-951, grievance appeal #PCC 19-951, plaintiff's medical records from July 1, 2019 July 1, 2021, plaintiff's mental health records for the same period, and all qualified legal claim request forms submitted by plaintiff for that same period.

The Warden does not have custody or control over plaintiff's health and mental health records, so service of those subpoenas would be fruitless.  For those materials, plaintiff must serve a subpoena on the contractor providing health care services to the MDOC system.  Corizon was the medical provider for the period requested.  Centurion

5

Health became the medical provider for MDOC facilities on November 1, 2021. Their point-of-contact for matters such as this is Aynsley Mull. Plaintiff should determine which entity has control over his medical/mental health records and direct a subpoena for health and mental health records to that entity. Plaintiff may also simply direct a subpoena to both entities if he is unable to easily determine which entity now has those records.

As for the other subpoenas directed to the Warden, defendants will be ordered to show cause to this Court why they or their counsel cannot produce the documents plaintiff seeks.

The motion for subpoenas is thus denied in part.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend his complaint [Doc. 43] is DENIED.

**IT IS FURTHER ORDERED** that plaintiff's motion to issue subpoenas [Doc. 48] is DENIED in part, but

**IT IS FINALLY ORDERED** that defendants shall show cause by November 23, 2021 why they cannot produce the documents plaintiff requests as reflected in this memorandum and order.

Dated this  10th  day of November, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE