UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **DEANGELO THOMAS-EL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 4:20cv589 SNLJ |
| ) | |
| **NICOLE FRANCIS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's "Objections in Part to this Court's Order and Memorandum [Doc. 49] Dated November 10, 2021, Or in the Alternative a Request for Reconsideration" [Doc. 52].

This Court denied plaintiff's motion for leave to file an amended complaint because amendment would have been futile. [Doc. 47 (citing *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005).] The operative allegations in plaintiff's original Complaint were that he was denied access to hygiene products because he did not have money in his prison account to purchase such items. In addition to a serious medical need, a deliberate indifference claim requires that a defendant actually knew of, and deliberately disregarded the serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Two defendants (Nicole Francis and Jason Lee) survived the Court's initial review. [Doc. 5 (citing *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996)].

1

Plaintiff's motion for reconsideration cites other cases involving deprivation of hygiene items. As this Court has already observed, it is well-settled that "a long-term, repeated deprivation of adequate hygiene supplies violates the Eighth Amendment rights of prison inmates." *Jones-El v. Godert*, 2:18-CV-65-JMB, 2019 WL 6727492, at *13 (E.D. Mo. Dec. 11, 2019) (citing *Myers*, 101 F.3d at 544). However, to be actionable, plaintiff must allege that the defendants were aware of the factors from which the inference could be drawn that a substantial risk of serious harm existed, and they must also draw the inference. *Id.* Plaintiff repeats in his motion for reconsideration that putative defendants Smallen, Arnold, R. Price, J. Price, Browers, Nick, and Cox denied him hygiene items, but he does not allege they were aware of long-term deprivation of hygiene items. Plaintiff does have two defendants remaining in this case, however, and his proposed amended complaint did not seek to change allegations or claims against those defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to for reconsideration [Doc. 52] is DENIED.

Dated this __8th__ day of December, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

2